**THE MARKHAM LAW FIRM**
David R. Markham (SBN 71814)
dmarkham@markham-law.com
Lisa R. Brevard (SBN 323391)
lbrevard@markham-law.com
888 Prospect Street, Suite 200
La Jolla, CA 92037
Telephone: (619) 399-3995/Facsimile: (619) 323-1684

**UNITED EMPLOYEES LAW GROUP**
Walter L. Haines (SBN 71075)
walter@uelglaw.com
8605 Santa Monica Blvd., #63354
North Hollywood, CA 90069
Telephone: (562) 256-1047/Facsimile: (562) 256-1006

Attorneys for Plaintiff on behalf of himself
and all others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CHRIS EDDINGS, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

v.

ROTO-ROOTER SERVICES COMPANY, an Iowa Corporation, and DOES 1-10, Inclusive,

Defendants.

Case No.

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**

**(1) VIOLATION OF FAIR LABOR STANDARDS ACT (29 U.S.C. §§207; 211(c), 215(a), 216(b), 255(a)); 29 C.F.R. §516 *et seq.***
**(2) FAILURE TO PAY MINIMUM AND/OR REGULAR WAGES;**
**(3) FAILURE TO PAY OVERTIME WAGES**
**(4) FAILURE TO PROVIDE MEAL PERIODS;**
**(5) FAILURE TO PROVIDE REST PERIODS;**
**(6) FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**
**(7) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), Bus. & Prof. Code § 17200 et seq.**

**DEMAND FOR JURY TRIAL**

Plaintiff CHRIS EDDINGS ("Plaintiff"), by and through his attorneys of record, brings this Class and Collective Action Complaint against ROTO-ROOTER SERVICES COMPANY, an Iowa Corporation, ("Roto-Rooter" or "Defendant") and respectfully alleges the following:

**NATURE OF THE ACTION**

1. This is a class and collective action for wage and labor violations arising out of Defendant's failure to properly classify Plaintiff and others similarly situated as non-exempt employees, and thus failure to pay wages for all time worked, including overtime, failure to provide timely and uninterrupted meal and rest periods, and for derivative claims.

2. As set forth below, Defendant: misclassified Plaintiff and others similarly situated as salaried exempt when their day-to-day job duties consisted of non-exempt duties, and consequently failed to pay its employees' wages for all hours worked, including overtime wages; failed to provide timely and uninterrupted meal and rest periods in violation of California Labor Code §§ 512 and 226.7, and the applicable Industrial Wage Order; failed to pay its employees one hour of pay at the regular rate of compensation for each instance that Defendant failed to provide statutorily mandated rest periods and timely off-duty meal periods; failed to furnish timely and accurate wage statements; and, is in violation of California's Unfair Competition Law ("UCL").

3. Plaintiff is informed and believes, and on that basis, alleges Defendant is and was an employer as defined in and subject to the California Labor Code and the Industrial Welfare Commission Wage Orders, and FLSA.

4. Plaintiff seeks to represent all those similarly situated who are or were residents of the State of California, and all those similarly situated nationwide who opt-in to the lawsuit for Plaintiff's First Cause of Action under the FLSA.

**JURISDICTION AND VENUE**

*5.* This Court has jurisdiction as this is a class action within the parameters of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), and 28 U.S.C. §§ 1332(c). This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), as well as authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201, *et. seq.* Venue is proper in the United States District Court, Northern District of California to the extent this Court

has jurisdiction under the CAFA and/or diversity jurisdiction. Upon information and belief, Defendant conducts substantial business in this district, employs class members within this district, and operates its locations in California within this district.

## PARTIES

6. Plaintiff CHRIS EDDINGS is a resident of Torrance, California. Plaintiff CHRIS EDDINGS is employed at Defendant's location in the whereabouts of Alhambra, California, but spends the day in the field travelling between customer locations conducting camera scope field work. His job title is Sales Supervisor however the job duties he performs on a daily basis are that of camera scope field technician. He has been employed with Defendant from approximately May 2025 to the present.

7. At all times material herein, Defendant, ROTO-ROOTER SERVICES COMPANY, is an Iowa corporation authorized to do business in California, including but not limited to conducting business within this District. Defendant is North America's largest provider of plumbing repair and drain cleaning services. Roto-Rooter Services Company, based in Cincinnati, Ohio, manages company-owned plumbing service locations. Roto-Rooter advertises that it can take care of any size residential or commercial plumbing problem from small faucet repairs to full sewer pipe replacement services and clean up water damage caused by plumbing leaks, bad weather or any other cause of flooding. Upon information and belief, Roto-Rooter operates throughout all fifty states, including in California. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant is authorized to conduct business in California, including but not necessarily limited to Northern District of California. Defendant employs/employed Sales Supervisors (who performed duties of camera scope technicians and similar technical work), and others similarly situated throughout the State of California.

8. Plaintiff is currently unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed

and believes and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

9. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

10. Plaintiff is informed and believe and thereon allege that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, partners and/or joint ventures and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants.

## FACTS

11. Between approximately May 2025 to the present, Plaintiff CHRIS EDDINGS has been employed by Defendant as a salaried-exempt Sales Supervisor. Plaintiff's job duties included, but were not limited to, driving to customer locations and conducting video camera scoping in connection with identifying plumbing repair services and excavation work. After the line was opened by a different technician, he would insert the video camera scope to identify the blockage or plumbing issue. If a blockage or issue is found, an excavation team comes in to conduct excavation and repairs.

12. In his job duties, Plaintiff does not supervise any employees. He does not discipline, hire or fire employees. His primary duty at each location is performing scoping work. After plaintiff carried out his predominant and primary duty of conducting video camera inspections of the interior of customer drain lines, Roto-Rooter would then send estimates to customers in those instances where the proposed repair required any on-site excavation work. Roto-Rooter uses this onsite inspection work followed by a repair estimate to contend that Plaintiff and other employees

similarly situated are "salesmen" when in fact they are not.

13. Plaintiff typically works over 8 hours in a day, often working 10 or 11 hour shifts depending on customer needs and the time it takes to open the lines at each customer location. Plaintiff is salaried-exempt so is not paid overtime wages. He works at least 5 days a week, but sometimes on the weekends as well.

14. Defendant does not have a time recording system in place for Plaintiff to record his hours actually worked, which often exceed 8 hours in a day and 40 hours in a week. If Plaintiff's shifts are logged as longer than 8 hours, than an error occurs and Plaintiff will not be able to clock in for the next day until he revises the shift from the prior day to be recorded as only 8 hours.

15. Plaintiff did not have any authority to hire, fire or discipline any employees. In the scope of his job duties, Plaintiff followed the direction of his supervisor in performing camera scope inspection duties and was assigned to customer locations by his supervisor.

16. Plaintiff worked as a technician performing camera inspection scoping duties at customer locations. Plaintiff's primary duty was not making sales or contracts with customers for services. Plaintiff was the one responsible for inserting the video camera into the opened line before the excavation team performed further work conducting plumbing repairs.

17. As misclassified salaried-exempt employees, Plaintiff and others similarly situated were not paid overtime wages for hours worked over 8 in a day or 40 in a week. Plaintiff and others similarly situated frequently worked approximately 50 to 60 hours a week.

18. Plaintiff and others similarly situated were not provided with meal breaks. Plaintiff and others similarly situated were under constant pressure and quotas to complete their job duties at multiple customer locations per day, and would need to work through breaks. In operating the camera scope, Plaintiff had to wait until the technician had the line open and then act very promptly in running the camera scope, so as to not delay the excavation team and the other employees waiting at that customer location to perform necessary work. This resulted in longer shifts and missed breaks. As salaried-exempt employees, meal breaks were not recorded in Defendant's timekeeping system. Plaintiff did not receive meal period premiums.

19. In addition to a failure to provide first meal periods, as misclassified salaried-exempt

employees, Defendant also failed to provide Plaintiff and other class members with second meal periods on shifts over 10 hours, in violation of California law. Plaintiff and other class members who worked shifts of over 10 hours are entitled to a second 30-minute uninterrupted meal period. However, Plaintiff and other class members worked shifts over 10 hours and no second meal break was provided, nor any meal period premium paid. Plaintiff does not recall signing a meal break waiver nor any other similar document.

20. Further, due to misclassification as salaried-exempt employees, press of business and travel between customer locations, Defendant failed to provide Plaintiff and other class members with rest breaks in violation of Labor Code § 226.7, including third rest breaks on shifts over 10 hours. Plaintiff was not paid a rest period premium for these non-compliant rest periods.

21. Plaintiff and other class members' wage statements failed to correctly state the rate of pay for regular wages, failed to pay overtime wages, failed to pay meal and rest break premiums, and consequently the gross and net wages due, among other required information. Because of Defendant's failure to list the correct gross wages earned, net wages, and meal and rest break premiums earned on wage statements, Plaintiff and other class members have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full.

22. Upon information and belief, the above-mentioned unlawful employment practices by Defendant were applied the same to all salaried-exempt Sales Supervisors in all of Defendant's locations in the State of California, and as to Plaintiff's First Cause of Action for FLSA, nationwide.

23. Defendant's conduct, as alleged here, has caused Plaintiff and class members damages including, but not limited to, loss of wages and compensation. Defendants are liable to Plaintiff and the class for failing to pay meal and rest break premiums, failing to pay all minimum, straight-time and/or overtime wages owed for each pay period, failing to provide timely and accurate wage statements, and unfair competition.

24. Plaintiff is a member of, and seeks to be representative for, the class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work

under Defendant's unlawful employment practices as alleged herein.

**CLASS DEFINITIONS AND CLASS ALLEGATIONS**

25. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated as members of the Class they seek to represent. The class period is from four years prior to the filing of the Complaint in this action until the trial of this action ("class period.") The Class is defined as:

> *All current and former Sales Supervisors and similar job duties and/or job titles, classified as salaried-exempt, and employed by Defendant in California during the time period commencing four years before this complaint was filed, and until the present ("Class Period").*

26. Plaintiff further seeks to represent the following subclasses:

**The Minimum and/or Regular Wages Subclass**
"All current and former Sales Supervisors and similar job duties and/or job titles, classified as salaried-exempt, and employed by Defendant in California during the Class Period, and who worked at least one shift less than eight hours in a workday and/or worked less than 40 hours during the workweek."

**The Overtime Wages Subclass**
"All current and former Sales Supervisors and similar job duties and/or job titles, classified as salaried-exempt, and employed by Defendant in California during the Class Period, and who worked at least one shift longer than eight hours in a workday and/or worked more than 40 hours during the workweek."

**The Meal Break Subclass**
"All current and former Sales Supervisors and similar job duties and/or job titles, classified as salaried-exempt, and employed by Defendant in California during the Class Period, and who worked at least one shift longer than five hours in a workday."

**The Second Meal Break Subclass**
"All current and former Sales Supervisors and similar job duties and/or job titles, classified as salaried-exempt, and employed by Defendant in California during the Class Period, and who worked at least one shift longer than ten hours in a workday."

**The Rest Break Subclass**
"All current and former Sales Supervisors and similar job duties and/or job titles, classified as salaried-exempt, and employed by Defendant in California during the Class Period and who worked at least one shift longer than three and a half hours in a workday."

**The Itemized Wage Statement Subclass**
"All current and former Sales Supervisors and similar job duties and/or job titles, classified as salaried-exempt, and employed by Defendant in California during the Class Period, and who have received at least one wage statement from Defendant."

**The UCL Subclass**

"All current and former salaried-exempt Sales Supervisors and similar job duties and/or job titles employed by Defendant in California during the Class Period, regarding whom Defendant has engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as specifically described herein."

27. Plaintiff reserves the right to amend or otherwise alter the class definition, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

28. The class is ascertainable and shares a well-defined community of interest in this litigation pursuant to Federal Rule of Civil Procedure 23:

29. **Numerosity of the Class**: Members of the Class are so numerous that their individual joinder is impracticable. Plaintiff estimates, on information and belief, that there are several hundred current and former non-exempt employees of Defendants employed in California during the class period. The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

30. **Existence of Predominance of Common Questions of Law and Fact**: Common questions of law and fact and common answers exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions and answers include:

a. Whether Plaintiff and the members of the class were misclassified as salaried-exempt employees;

b. Whether Plaintiff and the members of the class not paid all wages owed to them, including regular and overtime wages;

c. Whether Defendant violated Labor Code § 226.7 and/or 512, applicable California Industrial Welfare Commission Order, and engaged in a pattern or practice of failing to provide timely, off-duty thirty (30) minute meal periods to Plaintiff and members of the class;

d. Whether Defendant engaged in a pattern or practice of impeding Plaintiff and the

members of the class from taking statutory off-duty thirty (30) minute meal periods on a timely basis;

e. Whether Defendant engaged in a pattern or practice of failing to properly compensate Plaintiff and the members of the class for missed, untimely or on-duty meal periods as required by California law;

f. Whether Defendant engaged in a pattern or practice of failing to properly compensate Plaintiff and the members of the class for failing to provide ten (10) minute, uninterrupted rest periods as contemplated by California law for work periods in excess of three and one-half (3 ½) hours;

g. Whether Defendant had a policy or practice of not paying meal or rest period premiums;

h. Whether Plaintiff and the members of the class were not provided with accurate wage statements as required by Labor Code section 226;

i. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiff and members of the class that failed to include payments for missed, untimely, and/or on-duty meal periods among wages earned throughout the Class Period;

j. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiff and members of the class that failed to include payment for all hours worked;

k. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiff and members of the class that failed to accurately state the total hours worked, to the detriment of Plaintiff and the members of the class;

l. Whether Defendant failed to compensate, and therefore violated Labor Code § 226(a), 226.7, and the applicable Industrial Wage Order by failing to provide ten (10) minute, uninterrupted rest periods as contemplated by California law for work periods in excess of three and one-half (3 ½) hours;

m. Whether Defendant engaged in unfair practices and violated California Business & Professions Code § 17200 by failing to provide Plaintiff and the members of the class

with their statutory off-duty meal and rest periods on a timely basis;

n. Whether Defendant engaged in unfair practices and violated California Business & Professions Code section 17200 by misclassifying Plaintiff and class members as salaried-exempt, failing to pay Plaintiff and the members of the class for all time worked, and failing to provide meal and rest periods nor pay premiums; and

o. The nature and extent of class-wide injury and the measure of damages or restitution.

31. **Typicality:** Plaintiff's claims are typical of the claims of the members of the class he seeks to represent because Plaintiff, as a salaried-exempt employee of Defendant, was exposed and subjected to the same unlawful business practices as other salaried-exempt employees employed by Defendants during the class period. Plaintiff and the members of the class he seeks to represent sustained the same types of damages and losses.

32. **Adequacy:** Plaintiff is an adequate representative of the class he seeks to represent because his interests do not conflict with the interests of the members of the class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of the members of the class will be fairly and adequately protected by Plaintiff and his counsel.

33. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

34. The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Class as a whole.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings the First Cause of Action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) on behalf of all current and former salaried-exempt Sales Supervisors and other personnel with similar job titles and/or duties of Defendant employed in California at any time within the applicable statutory time period (the "FLSA Collective Action Members.")

36. Plaintiffs and FLSA Collective Action Members performed the same or substantially similar duties for Defendant; were subject to Defendant's common policy and practice of being misclassified as salaried-exempt, Defendant's failure to pay wages, including failure to pay overtime wages for all hours worked over forty in a workweek; and have otherwise been subject to common compensation plans, policies, and practices and are otherwise "similarly situated" employees within the meaning of the FLSA.

37. The First Cause of Action for violations of the FLSA may be brought and obtained as an "opt-in" action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), because Plaintiff's claims and all FLSA Collective Action Members are similarly situated.

38. Plaintiff filed his opt-in consent to join form concurrently with this Complaint, on July 31, 2025.

39. The names and addresses of the FLSA Collective Action Members are available

from Defendant. Accordingly, Plaintiff prays for an order requiring Defendant to provide the names and all available contact information for all FLSA Collective Action Members so that notice can be provided to them of the pendency of this action, and their right to opt-in to this action. Plaintiff further prays that the applicable statute of limitations be tolled based on, among other reasons, Defendant's violations regarding misclassifying Sales Supervisors' and failure to pay any overtime wages to FLSA Collective Action Members.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act (29 U.S.C. §§207; 211(c), 215(a), 216(b), 255(a)); 29 C.F.R. §516, et seq.)**
**(Against all defendants)**

40. Plaintiff realleges and incorporates by this reference all allegations contained above as though fully set forth herein.

41. At all relevant times hereto, Defendant has been, and is, an employer engaged in commerce, as defined under 29 U.S.C. §203(b) and (d). As such, Defendant employed members of the FLSA Collective Action Class as "Sales Supervisors" and other similarly situated salaried-exempt employees, employment of which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g), and 29 U.S.C. §207(a)(1). At all times relevant hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. §203(s)(1).

42. Plaintiff is informed and believes, and thereon alleges, that Defendant has required, or requires, the FLSA Collective Action Members, as part of their employment, to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. §207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

43. Indeed, in the performance of their duties for Defendant, the FLSA Collective Action Members often did work over forty hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendant, as required by the

FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

44. Plaintiffs propose to undertake appropriate proceedings to have such FLSA Collective Action Members aggrieved by Defendant's unlawful conduct notified of the pendency of this action and join this action as plaintiffs, pursuant to 29 U.S.C. §216(b), by filing written consents to joinder with the Court.

45. Defendant's violations of the FLSA were willful.

46. As a result of the foregoing, Plaintiff seeks judgment against Defendant on his own behalf, and on behalf of those FLSA Collective Action Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including overtime wages owed by Defendant to the Plaintiff and FLSA Collective Action Members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
## FAILURE TO PAY MINIMUM AND/OR REGULAR WAGES
## (Violation of Labor Code §§ 218, 218.5, 218.6)
## (Against all Defendants)

47. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

48. The California Labor Code establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work. An employer may not pay employees less than the applicable minimum wage for all hours worked. Defendant is required to pay Plaintiff, and the members of the Class, for all hours worked, meaning the time which an employee is subject to the control of the employer.

49. Labor Code section 218 provides, in pertinent part, that "[n]othing in this article [California Labor Code, Division 2, Part 1, Chapter 1 – Payment of Wages, Article 1] shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due to them under this article."

50. Pursuant to the applicable Industrial Wage Order, Defendant is required to pay Plaintiff, and the members of the Class, for all hours worked, meaning the time which an employee

is subject to the control of the employer.

51. At all relevant times during the class period, Defendant failed to pay Plaintiff and other members of the class wages for all hours worked, in that Plaintiff and the class were misclassified as salaried-exempt employees and not paid all hours they worked, including working through meal periods, resulting in unpaid wages, including minimum and/or regular wages. Plaintiff and the Class Members therefore seek unpaid wages and penalties.

52. In committing the violations of California law as herein alleged, Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiff and Class Members for all wages earned and all hours worked. As a direct result, Plaintiff and Class Members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendant to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

53. Labor Code § 1194 establishes an employee's right to recover unpaid compensation, and interest thereon, together with the costs of suit, and attorneys' fees. Labor Code §1198 makes employment of an employee for longer hours than the IWC set or under conditions the IWC prohibits unlawful.

54. In committing the violations of state law as herein alleged, Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiff and members of the class for all wages earned and all hours worked. As a direct result, Plaintiff and other members of the class have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

55. Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendant's wage violations including interest thereon, reasonable attorney's fees and costs of suit, and liquidated damages to the fullest extent permissible pursuant to Labor Code sections 218, 218.5, and 218.6.

**THIRD CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**(Violation of Labor Code §§ 510, 1194, and 1198, and the Applicable Wage Order)**
**(Against all Defendants)**

56. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

57. Plaintiff and other class members worked hours they were not paid for including overtime in the instances Plaintiff and other class members worked over eight hours in a day and/or 40 hours a week. Plaintiff and class members were classified as salaried-exempt and not paid overtime wages.

58. In committing the violations of California law as herein alleged, Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiff and Class Members for all wages earned and all hours worked. As a direct result, Plaintiff and Class Members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendant to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

59. Labor Code section 510 and the applicable Wage Order provide that employees in California shall not be employed more than eight hours in any workday or forty hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law. Specifically, Labor Code § 510(a) requires that: Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

60. Labor Code section 1194 establishes an employee's right to recover unpaid overtime compensation, and interest thereon, together with the costs of suit, and attorneys' fees. Labor Code §1198 makes employment of an employee for longer hours than the IWC set or under conditions the IWC prohibits unlawful.

61. During the class period, Plaintiff and other class members have worked more than eight hours in a workday, and/or more than forty hours in a workweek.

62. During the class period, Defendant has failed to pay Plaintiff and other class members overtime compensation as required by Labor Code § 510 and 1198, and the applicable Wage Order.

63. In committing the violations of state law as herein alleged, Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiff and members of the class for all wages earned and all hours worked. As a direct result, Plaintiff and other members of the class have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

64. Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid overtime wages resulting from Defendant's overtime wage violations including interest thereon, reasonable attorney's fees and costs of suit, and liquidated damages to the fullest extent permissible pursuant to Labor Code § 218, 218.5, 218.6, 510 and 1194(a).

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
**(Violation of Labor Code §§ 512, 226.7, and the Applicable Wage Order)**
**(Against all defendants)**

65. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

66. California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

67. The applicable wage order provides, in pertinent part: "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

68. Labor Code § 512(a) provides, in pertinent part: "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee

is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

69. As alleged herein, Defendant failed to authorize and permit timely and uninterrupted meal periods during the Class period. Plaintiff and members of the class were routinely required to work without a timely and uninterrupted meal break at the direction of Defendant and/or with Defendant's knowledge and acquiescence. Additionally, Plaintiff and the class were not paid premiums when their meal periods were interrupted, missed and/or untimely.

70. In addition, Defendant failed to authorize and permit timely second meal periods during the Class period. Plaintiff and members of the class regularly worked shifts over 10 hours but were not offered a second meal period. Plaintiff and members of the class were routinely required to work without a timely second meal break at the direction of Defendant and/or with Defendant's knowledge and acquiescence. Plaintiff did not waive his second meal break.

71. By its actions in requiring its employees to work through meal periods and/or its failure to relieve the employees of their duties for their off-duty meal periods, Defendant has violated California Labor Code §§ 226.7, 512 and the applicable wage order, and are liable to Plaintiff and the class.

72. As a result of the unlawful acts of Defendant, Plaintiff and the class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code §§ 226.7(c), 512 and the applicable wage order, in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide its employees with timely statutory off-duty meal periods.

73. Plaintiff, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7 and 512.

//

**<u>FIFTH CAUSE OF ACTION</u>**
**FAILURE TO PROVIDE REST PERIODS**
**(Violation of Labor Code §§ 226.7 and the applicable Wage Order)**
**(Against all defendants)**

74. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

75. California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

76. The applicable Industrial Wage Order provides, in pertinent part: "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages".

77. The applicable Industrial Wage Order further provides: "[i]f an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided".

78. As alleged herein, Defendant failed to authorize and permit rest breaks during the Class period. Plaintiff and members of the class were routinely required to work through rest periods at the direction of Defendant and/or with Defendant's knowledge and acquiescence. Further, Plaintiff often worked shifts of over 10 hours and were not offered a third rest break as required under California law.

79. By its actions in requiring its employees during the class period to work through rest periods and/or its failure to relieve the employees of their duties for their rest periods, Defendant violated the applicable Industrial Wage Order and California Labor Code § 226.7 and is liable to Plaintiff and the class.

80. Defendant's unlawful conduct alleged herein occurred in the course of employment

of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

81. As a direct and proximate result of Defendant's unlawful actions, Plaintiff and the class have been deprived of rest periods during the Class period, and are entitled to recovery under Labor Code § 226.7(c) in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide employees with timely and/or paid rest periods.

82. Plaintiff, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code § 226.7.

**SIXTH CAUSE OF ACTION**

**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**

**(Violation of Labor Code §226)**

**(Against all defendants)**

83. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

84. California Labor Code § 226(a) provides: "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee […], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, […], (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…".

85. Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of Labor Code § 226 occurs and $100 for each subsequent pay period, for all pay periods in which the employer knowingly and intentionally failed to provide

accurate itemized statements to the employee causing the employee to suffer injury.

86. Plaintiff is informed, believes and thereon alleges that at all times relevant, Defendant knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiff and the members of the class with timely and accurate itemized statements showing the gross wages earned by each of them, as required by Labor Code § 226(a), including that overtime pay, and premiums owed to Plaintiff and the members of the class for missed meal and rest periods were not included in gross wages earned by Plaintiff and the members of the class.

87. Defendant's failure to provide Plaintiff and members of the class with accurate itemized wage statements during the class period has caused Plaintiff and the members of the class to incur economic damages in that they were not aware that they were owed and not paid overtime compensation, compensation for missed rest periods and on-duty meal periods, and for all hours worked. In addition, Defendants provided inaccurate information regarding hours worked, which masked its underpayment of wages to Plaintiff and the members of the class.

88. As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and the members of the class in violation of Labor Code § 226(a), Plaintiff and the members of the class are each entitled to recover penalties pursuant to Labor Code § 226(e).

## SEVENTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
**(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)**
**(Against all defendants)**

89. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

90. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

91. Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

92. Defendant's unlawful conduct under the UCL includes, but is not limited to,

violating the statutes alleged herein, including misclassifying Plaintiff and class members. Defendant's unfair conduct under the UCL includes, but is not limited to, misclassifying Plaintiff and class members as salaried-exempt, failure to pay members of the class wages and compensation they earned through labor provided, and failing to otherwise compensate members of the class as alleged herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the members of the class worked and the amount of wages or compensation due, failing to provide meal and rest breaks, and failing to pay overtime pay.

93. Plaintiff has standing to assert this claim because he has suffered injury in fact and have lost money as a result of Defendant's conduct.

94. Plaintiff and the members of the class seek restitutionary disgorgement from Defendant of monies owed including for overtime compensation and for unpaid meal and rest period premiums.

95. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified here by suing on behalf of themselves and other similarly situated class members previously or presently working for Defendant in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure § 1021.5.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant as to the appropriate causes of action as follows:

**ON THE FIRST CAUSE OF ACTION**

1. Designation of this action as a collective action on behalf of the proposed FLSA Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

2. Designation of Plaintiff CHRIS EDDINGS as Representative Plaintiff of the putative members of the FLSA representative action;
3. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;
4. Conditional and Final Certification of a Collective Action under 29 U.S.C. §216(b);
5. An award of unpaid overtime compensation for Plaintiff and all collective group members who opt-in this action, pursuant to FLSA, 29 U.S.C. § 207;
6. An award of liquidated damages, and;
7. An award of attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b).

**ON THE SECOND CAUSE OF ACTION**

1. For all minimum and/or straight-time wages owed to Plaintiff and each Class Member for all hours worked according to proof;
2. For interest on any compensatory damages;
3. For attorneys' fees, expenses, and costs;
4. For any statutory penalties against Defendant, in a sum as provided by the Labor Code.

**ON THE THIRD CAUSE OF ACTION**

1. For all overtime compensation owed to Plaintiff and each Class Member for all hours worked according to proof;
2. For interest on any compensatory damages;
3. For attorneys' fees, expenses, and costs pursuant to Labor Code §1194(a), and Civil Code §§3287(b) and 3289;
4. For any statutory penalties against Defendant, in a sum as provided by the Labor Code, the applicable Wage Order, and/or other statutes.

**ON THE FOURTH CAUSE OF ACTION**

1. For one hour of wages due to Plaintiff and each Class member for each work period of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal period;
2. For waiting time penalties according to proof;

3. For statutory costs according to proof; and
4. For statutory interest according to proof.

**ON THE FIFTH CAUSE OF ACTION**

1. For one hour of wages due to Plaintiff and each Class member for each work period of more than three and one-half (3 ½) hours when they did not receive an uninterrupted ten (10) minute rest period for each four (4) hours or major fraction thereof worked;
2. For waiting penalties according to proof;
3. For statutory costs according to proof; and
4. For statutory interest according to proof.

**ON THE SIXTH CAUSE OF ACTION**

1. For statutory compensation for any harm caused;
2. For compensatory damages and interest thereon for actual harm caused; and
3. For statutory penalties under Labor Code § 226(e), interest and attorneys' fees and costs.

**ON THE SEVENTH CAUSE OF ACTION**

1. For the equitable, injunctive and declaratory relief;
2. For liquidated damages pursuant to Labor Code § 1194.1; and
3. For restitutionary disgorgement pursuant to the UCL.

**ON ALL CAUSES OF ACTION**

1. An order that this action may proceed and be maintained as a class action;
2. Reasonable attorney's fees;
3. General, special and consequential damages, to the extent allowed by law;
4. Costs of suit;
5. For attorneys' fees pursuant to Code of Civil Procedure § 1021.5;
6. Prejudgment interest at the maximum legal rate; and
7. Such other relief as the Court may deem just and proper.

//

//

DATED: July 31, 2025

**THE MARKHAM LAW FIRM**

By: ________________________________

David R. Markham
Lisa Brevard
*Attorneys for Plaintiff and all others similarly situated*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the members of the class on all claims so triable.

DATED: July 31, 2025

**THE MARKHAM LAW FIRM**

By: ________________________________

David R. Markham
Lisa Brevard
*Attorneys for Plaintiff and all others similarly situated*